## *In re* ALBERT SOWLES *in Insolvency.*

*Insolvency, when Exceptions are not Allowable.*
R. L. ss. 1385, 1810–12, 1862–3, 1870,

Exceptions are not allowable to the judgment of the County Court in an appeal affirming the order of the Court of Insolvency dismissing a petition brought to have one adjudged an insolvent debtor.

APPEAL from the Court of Insolvency. Heard, September Term, 1884, ROYCE, Ch. J., presiding. The order of the court below dismissing the petition was *pro forma* affirmed. Two petitions had been presented to the Court of Insolvency, praying that said Sowles be adjudged an insolvent debtor, and his property distributed, &c. The Court of Insolvency decided: "The court finds that certain acts of insolvency alleged in said petition were true; but that the petitioner, George W. Foster, did not have such a claim against said Albert Sowles as would entitle him to bring said petition; and therefore dismisses the said petition." The appellee filed a motion in the County Court to dismiss, which was overruled; and the cause was heard on the testimony of witnesses, and matters in copies of appeal, which were not controverted. The motion in the Supreme Court was "to dismiss the exceptions * * * taken to the decision and judgment of the Franklin County Court in said cause, for that by law no such exceptions were allowable in such case, and this court has no jurisdiction upon such exceptions to revise the judgment of," &c.

*Farrington & Post,* for the petitioner.

*D. Roberts,* for the petitionee.

The opinion of the court was delivered by

TAFT, J. A petition for the adjudication of Albert Sowles as an insolvent was filed in court and dismissed. An appeal was taken to the County Court under the last clause of section 1870, R. L. The cause was heard in the County Court, and the order of the Court of Insolvency affirmed *pro forma*; to this judgment an exception was allowed the petitioner. In this court the alleged insolvent moved to dismiss the exceptions on the ground that none were allowable. Shall this motion be sustained? The statute giving the right of appeal from an adjudication of insolvency provides that it shall be allowed as provided in chapter 93, R. L., for appeals from the finding of the judge to the County Court. The only appeal from the finding of the judge to the County Court mentioned in the chapter, is under sections 1810–11, and 12. But these sections give no right to exceptions to the Supreme Court. The latter section expressly prohibits them by the clause reading : " The final judgment of the County Court shall be *conclusive.*" Exceptions being forbidden by the statute under which the proceedings are instituted, they cannot be granted under the general statute,—s. 1385, R. L.—providing for exceptions in ordinary cases. The appeal mentioned in sections 1862–3, and 4, in which exceptions are allowed, is not from the finding of the judge. Those sections therefore have no application to the case at bar. That exceptions were not contemplated by the framers of the statute is evident from the clause requiring that " the judgment of the *County Court* shall be certified by the clerk thereof to the Court of Insolvency," while, in all those cases where exceptions to the Supreme Court are permitted, the provision in regard to the certification is, that the final decision and judgment shall be certified by the *County or Supreme Court,* depending of course upon the fact of, in which court was final judgment rendered. As the exceptions are to be dismissed, it is not proper for us

to discuss any of the other questions in the case. The ruling below having been *pro forma,* the cause should be remanded to that court for a final disposition. Exceptions dismissed and cause remanded.