## LEVI N. BARNARD'S ASSIGNEE, J. E. WHITE, *v.* C. A. HASKINS, APPELLANT.

*Bankruptcy. Insolvency. Appeal.* R. L., ss. 1862, 1864. *Liens.*

No appeal is allowed by statute—R. L., ss. 1862-4—from the decision of a judge of the Court of Insolvency as to the priority of liens on the insolvent's estate, although there is from the decision of commissioners.

APPEAL from the decision of the judge of the Court of Insolvency for the District of Windsor. Heard, May Term, 1886, TAFT, J., presiding. Appeal dismissed.

*Wm. Batchelder*, for the defendant.

It was plainly the intention of the legislature, by the provisions of sections 1862, 1863, and 1864, to give ample opportunity for a fair trial of the questions of law and fact which were sure to arise in such cases.

The appellant claims that it is a fair and proper construction of the statutes, taking the three sections together, that if it is held that the judge has jurisdiction to hear and decide these cases, that an appeal lies from his decision as much as from the decision of commissioners. That the sole object and intent of these three sections is to provide for an appeal in this kind of cases.

*Davis & Enright* and *Jerome W. Pierce*, for the assignee.

The appeal of C. A. Haskins was properly dismissed by the County Court. The proceedings before the Court of Insolvency were under section 1862, R. L.

These proceedings in insolvency are wholly according to the statute. *Ripley* v. *Griggs*, 52 Vt. 461.

Neither exceptions nor an appeal lies in insolvency proceedings unless expressly and affirmatively given by statute. *In re Albert Sowles*, 57 Vt. 386.

Such is the construction in the Massachusetts Insolvency Laws. *Bassett* v. *Hutchinson*, 9 Allen, 199.

The appeal by section 1864, R. L., is only allowed upon the return of the decision of the commissioners.

The opinion of the court was delivered by

POWERS, J. The question argued before us is whether an appeal was allowable from the decision of the judge of the Court of Insolvency.

The appellant claimed a priority of lien upon the assets of the insolvent. Section 1862, R. L., provides that in such cases if the priority is disputed, the judge in his discretion *may*, and upon the petition of the assignee or a creditor *must*, appoint commissioners to determine such dispute. By section 1864, either party may appeal from the decision of such commissioners. Such questions in the first instance, are before the judge for decision; but he, or the parties, may shift the responsibility upon commissioners. The statute provides for no appeal if the judge decides the question; and in this case he made the decision. It serves no useful purpose to wonder why the legislature provided an appeal in the one case and not in the other. Thus saith the scripture. The legislature created the court, gave it plenary jurisdiction in insolvency proceedings, and provided for appeals to the County Court in such instances as in its wisdom seemed best. So far as the statute accords an appeal so far only can it he had. None can exist except as thus provided. The reason for this holding is, the whole procedure is statutory, and no appeal lies to any order unless given by the statute. This was the holding of the court in Massachusetts respecting their statute in *Bassett* v. *Hutchinson*, 9 Allen, 199; and the same holding was foreshadowed in *Ripley* v. *Griggs*, 52 Vt. 461; and *In re Sowles*, 57 Vt. 386.

The judgment of the County Court dismissing the appeal is affirmed, and this judgment is ordered to be certified to the Court of Insolvency.