# IN RE MONTGOMERY SPOOL AND BOBBIN CO.

## OCTOBER TERM, 1895.

*Judgment of county court conclusive upon question of insolvency.*

1.  Under No. 125, s. 4, Acts 1884, the final judgment of the county court upon the question of the debtor's insolvency is conclusive and no exception lies thereto.

2.  No. 79, s. 3, Acts 1888, does not give an exception in such case by implication.

3.  If the county court dismissed the petition upon the ground that the petitioning creditor had no standing, its judgment is none the less final.

Appeal to the county court from an order of the court of insolvency for the district of Franklin, adjudging the Montgomery Spool and Bobbin Co. an insolvent debtor. The county court dismissed the petition and the petitioner excepted. In this court the petitionee moved to dismiss those exceptions and the case was heard on such motion.

*Wilson & Hall, O. N. Kelton* and *E. McFeeters* for the petitioner.

No. 79, Acts 1888, gives the right of exception.

*A. K. Brown, W. D. Stewart* and *Dickerman & Young* for the petitionee.

The judgment of the county court was conclusive.

*Barnard's Assignee* v. *Hoskins*, 59 Vt. 555; *Baker* v. *Jones et al.*, 61 Vt. 549.

START, J.   The Montgomery Spool and Bobbin Co. was, on a creditor's petition, adjudged insolvent by the court of insolvency for the district of Franklin.   From this adjudication the company appealed, and the county court reversed the decision of the court of insolvency and dismissed the petition.   The case comes to this court on exceptions by the petitioning creditors.   The company moves to dismiss the exceptions, and insists that the decision of the county court is final and conclusive.   The petitioners claim that the decision of the court below may be reviewed in this court upon exceptions and cite Revised Laws ss. 1385, 1810, 1811, 1812, and No. 79 of the acts of 1888.

*In re Sowles*, 57 Vt. 385, it is held that these sections of the Revised Laws do not give a right of exception to the the supreme court upon questions relating to the insolvency of the debtor.   R. L., s. 1870, provides that an appeal may be taken from the decision of the court of insolvency to the county court upon the question of the insolvency of the debtor, as is provided in chapter 93, Revised Laws, for appeal from the findings of the judge; and No. 125, sec. 4, of the acts of 1884, provides that final judgment of the county court shall be conclusive.   This act concludes the right of the petitioners to be heard in this court upon exceptions taken to the holding of the court below upon questions relating to the insolvency of the debtor, unless the right is given by No. 79, sec. 3, of the acts of 1888.   This act amends sec. 1812 of the Revised Laws by providing, that, when an appeal is taken from the allowance or disallowance of a claim presented against an insolvent estate, the same may pass from the county to the supreme court upon exceptions.   The petitioners claim that this enactment gives them a right to be heard in this court upon exceptions, and contend, that,

after this amendment, chaper 93 provides for exceptions, and that the act of 1884, so far as it relates to the finality of the judgment of the county court is repealed. We do not think this contention sound. The act of 1888 relates solely to the allowance and disallowance of claims presented against insolvent estates, and provides that such cases may pass from the county to the supreme court upon exceptions. It makes no reference to an adjudication upon the question of the insolvency of a debtor, and is not repugnant to that part of the act of 1884 which provides that the final judgment of the county court upon the question of the insolvency of the debtor shall be conclusive. When the act of 1888 was passed, the finality of the judgment of the county court upon this question was not controlled by chapter 93. The conclusiveness of such judgments was then determinable by the independent act of 1884. The acts relate to entirely different subjects. The act of 1884 made the final judgment of the county court conclusive, and, in this respect, it is not inconsistent with the later enactment. We hold, that the later act does not, by implication or otherwise, repeal the former; that the former act was in force when the cause was heard in the court below; and that the decision of that court upon the question of the insolvency of the debtor cannot be reviewed upon exceptions in this court.

The petititioners also claim that the only question heard in the court below was whether Jerry Murray was or could be a petitioning creditor, and contend that the act of 1884 makes the final judgment of the county court conclusive only upon the questions of the insolvency of the debtor, and does not affect their right to be heard in this court upon the question of whether Murray could be a petitioning creditor. The only provision for an appeal from an adjudication by the court of insolvency upon a creditor's petition is found in the last paragraph of sec. 1870 of the Revised Laws. This provides for an appeal upon the question of the insolvency

of the debtor. If an appeal was taken from the decision of the court of insolvency upon the question of whether Murray could be a petitioning creditor, it was taken by virtue of this paragraph, as amended by the act of 1884; and the construction we have given to that act must control the petitioners' right to be heard in this court on exceptions.

*Exceptions dismissed.*