# IN RE A. O. BRAINARD.

May Term, 1897.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*V. S. 2156—Judgment of County Court Dismissing Petition in Insolvency Final.*

A judgment of the county court dismissing a creditor's petition in insolvency upon the ground that the petitioner's debt is secured, is as final as if it had been rendered upon the ground that the debtor was not insolvent.

APPEAL from an order of the Court of Insolvency for the District of Franklin, adjudging A. O. Brainard an insolvent debtor on the petition of Royce A. Smith. Heard upon a motion to dismiss the petition, at the September Term, 1896, Franklin County, *Ross*, C. J., presiding. Motion granted. The petitioner excepted. In the Supreme Court the petitionee moved to dismiss the exceptions.

*F. W. McGettrick* for the petitioner.

The court should have passed upon the question of the debtor's insolvency. Instead of doing so, it decided against its own jurisdiction. That decision was erroneous and is revisable here.

The debt is provable; V. S. 2150; but for the purpose of adjudging the debtor insolvent, the sworn declaration in the petition is enough.

A mortgage creditor cannot dispose of his security under V. S. 2176 until the debtor has been adjudged insolvent and an assignee appointed.

The creditor's claim being provable, he can petition the debtor into insolvency, if his claim is of the required amount. *Rogers* v. *Heath*, 62 Vt. 101; *International Tr. Co.* v. *West Rutland Marble Co.*, 63 Vt. 326; *Smith* v. *Warner*, 133 Mass. 71.

*Ballard & Burleson* for the petitionee.

TYLER, J.   It appeared that at some time before the petition in insolvency was filed the petitionee had executed and placed on record a mortgage deed of certain real estate, purporting to secure the petitioner for the debt described in the petition; that a petition to foreclose the mortgage had been brought before these proceedings were commenced and was still pending; that the petitionee had filed an affidavit of defense alleging that the mortgage had never been delivered to nor accepted by the petitioner, and that the petitioner insisted that the mortgage did not constitute security for the debt.

The county court did not pass upon the question of the debtor's insolvency, but decided that it had not jurisdiction of the case upon the ground that the petitioner's debt was secured within the meaning of the insolvent law and therefore one upon which the debtor could not be adjudged insolvent.

The petitioner's counsel concedes that, if the county court had taken jurisdiction and considered and passed upon the question of the debtor's insolvency, its adjudication would have been final under V. S. 2156 ; but he insists that he was entitled to the judgment of the court upon that question, and that the court erred in dismissing the petition without such an adjudication.

Section 2156, V. S., is in substance the same as the last paragraph of section 1870, R. L., as amended by § 4 of No. 125, laws of 1884. It provides that, upon an adjudication of insolvency in the insolvency court, either party may appeal to the county court, and that the adjudication of that court, (evidently upon the question of the debtor's insolvency) shall be conclusive.   But the judgment of the county court dismissing the petition was not based upon that section.   The court refused to act for want of jurisdiction.   Upon the finding that the petitioner was a

secured creditor he had no standing in court, and there was no error in dismissing the petition. It was held *In re Montgomery Spool & Bobbin Co.*, 68 Vt. 29, that a judgment of the county court dismissing a petition upon the ground that the petitioning creditor had no standing in court, was final, as well as upon the question of the debtor's insolvency.

*Judgment affirmed and cause remanded.*